```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

OCEAN BEAUTY SEAFOODS, LLC,    )
                               )
                Plaintiff,     )
                               )
     v.                        )      No.  12 C 685
                               )
LANDSTAR RANGER, INC., et al., )
                               )
                Defendants.    )
```

MEMORANDUM ORDER

J. Attarian Trucking Co. ("Attarian") has filed a Notice of Removal ("Notice") to bring this action from the Circuit Court of Cook County to this District Court, with codefendant Landstar Ranger, Inc. ("Landstar") having consented to the timely removal. Because Landstar had been served with process in the state court action more than a month before Attarian, the court filings attached to the Notice included both the Complaint by Ocean Beauty Seafoods, LLC ("Ocean Beauty") and Landstar's Answer together with its affirmative defenses ("ADs") and counterclaims. This memorandum order is occasioned by some problematic aspects of that responsive pleading in federal pleading terms.

This Court should not of course be misunderstood as criticizing Landstar's counsel for their naturally having followed state court pleading rules during the time before the Notice removed this action to this District Court.[1] Instead this

---

[1] No view is expressed here as to the propriety of the pleading under such state court rules.

memorandum order is issued only because all of the litigants (and the case generally) will be better served by a recasting of the pleading to conform to federal standards, including those dictated by this District Court's LRs as well as the Federal Rules of Civil Procedure ("Rules"). In those terms Landstar's counsel are directed to file a self-contained amended pleading making the following changes:

    1. LR 10.1 should be complied with, for that facilitates a reader's understanding, by reading only a single pleading document, of just which of Ocean Beauty's allegations have been, and which have not been, placed in issue by Landstar.

    2. Disclaimers of the type contained in Answer ¶1 and elsewhere should be revised to conform to Rule 8(b)(5) and to eliminate the meaningless demand for "strict proof" as well (in both those respects, see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

    3. Answer ¶7's purported admission that a document "speaks for itself" is unacceptable--see App'x ¶3 to <u>State Farm</u>.

    4. AD 2 is a purely skeletal statement of one of the ADs permitted by Rule 8(c), without conforming to the notice pleading obligations incumbent on federal defendants as well

2

as federal plaintiffs. If Landstar wishes to preserve that AD, it must be fleshed out rather than remaining in its current conclusory form.

    5. ADs 3 and 4 apparently seek to draw upon the state law principles embodied in the <u>Moorman</u> Doctrine. If federal law preempts state law as the Notice asserts, any such AD must look instead to federal substantive principles.

Accordingly Landstar's Answer and ADs (but not its Counterclaims[2]) are stricken, with leave granted to replead. Landstar's self-contained Amended Answer and ADs are ordered to be filed on or before February 17, 2012.

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: February 2, 2012

---

[2] No view is expressed here either as to Landstar's Counterclaims against Attarian. Those may be left as is, pending any response by Attarian.