IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCEAN BEAUTY SEAFOODS, LLC,   )
                              )
            Plaintiff,        )
                              )
     v.                       )    No.  12 C 685
                              )
LANDSTAR RANGER, INC., et al.,)
                              )
            Defendants.       )

MEMORANDUM ORDER

Following the recent removal of this action from the Circuit Court of Cook County to this District Court, this Court both (1) issued a February 2 memorandum order requiring codefendant Landstar Ranger, Inc. to correct errors in its responsive pleading and (2) set a February 27 initial status hearing date.[1]

Now the other codefendant, J. Attarian Trucking Co. ("Attarian"), has noticed up for that February 27 date its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). Because that motion reflects a misconception of the federal concept of a "claim," this Court denies it and will retain the February 27 status hearing date.

Attarian's counsel peg their motion on the preemptive force of the Carmack Amendment (49 U.S.C. §14706) as fatal to common law causes of action such as Count I, in which plaintiff Ocean

---

[1] With removed cases, because it is unnecessary to allow time for service of process and for the filing of responsive pleadings (as is needed in cases originally brought in the District Court), this Court customarily sets a much earlier status hearing than in the parenthetically-described situation.

Beauty Seafoods, LLC ("Ocean Beauty") asserts a breach of contract, and Count II, which sounds in negligence. But there's the rub--those contentions are indeed "causes of action," as might have been expected of a Complaint filed in the state court system as this one was.

Federal practice, however, does <u>not</u> follow the "cause of action" model, which includes a theory of recovery as part of what a plaintiff must plead.[2] It must be remembered that Rule 12(b)(6) speaks in terms of "failure to state a <u>claim</u> upon which relief can be granted" (emphasis added)--and on that score this Court commends to counsel a reading of Judge Easterbrook's pellucid opinion in <u>NAACP v. Am. Fam. Mut. Ins. Co.</u>, 978 F.2d 287, 291-93 (7th Cir. 1992).[3]

What the matter boils down to is that if Ocean Beauty has a <u>claim</u> against Landstar or Attarian or both under the Carmack Amendment, it retains its place here in the federal court system. To be sure, its counsel will have to reframe the language of the Complaint if Attarian's total preemption point is correct, but the congeries of facts alleged in the Complaint appears to state a Carmack Amendment claim (Attarian's motion gives no indication,

---

[2] Unsurprisingly, Attarian's lawyer consistently employs the incorrect "cause of action" vocabulary throughout the current motion.

[3] That opinion is far from alone in making the distinction spoken of here. It is simply, in this Court's view, the most articulate.

and this Court expresses no view, as to the possible existence of any flaw in a claim under the Carmack Amendment). In the interim, then, Attarian's motion is denied.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: February 9, 2012